ALBERT PLINSKE, Appellee, v. FRANK J. SCHOEMAKER, Appellant; FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant-appellee.

No. 45430.

768

JUNE 17, 1941.

Prichard & Prichard, for plaintiff-appellee.

Welch, Acrea & Welch and Geo. E. Allen, for appellant.

BLISS, J.—Plaintiff became intoxicated and disorderly in the town of Onawa, and was arrested, without a warrant, by Schoemaker, the night watchman or policeman, about one o'clock in the morning of August 30, 1938, and placed in the municipal jail. Plaintiff admits that he was lawfully arrested, and when brought before the magistrate pleaded guilty to the charge, and was sentenced to one day in jail, and was taxed with the costs. The time he had spent in jail was adjudged to be a satisfaction of the sentence. In his pleadings, plaintiff asked damages for $500 for mental and physical suffering because of the unnecessary delay in bringing him before a magistrate and in failing to provide him with food.

When placed in jail, the plaintiff began shouting and kept up this disturbance until about 4:00 o'clock that morning. There is evidence that he was still somewhat under the influence of intoxicating liquor during the greater portion of the forenoon. His wife testified that he was not intoxicated at 12:30 o'clock p. m. Riordan saw him at twelve o'clock noon, and said he gave no thought to whether he was intoxicated or not, and would not testify to whether he was fully sober or not. Schoemaker's nightly hours were from 7:00 o'clock in the evening until 5:00 or 6:00 o'clock the next morning. The day policeman or town marshal, as he was called, would come on duty about 8:00 o'clock in the morning and continue until about 11:00 o'clock in the evening. He looked after feeding anyone in the jail during the day. The mayor was on his vacation at the time of the incarceration. He had instructed the two officers to take anyone arrested before either of the two Justices of the Peace during his absence, and if it was a case of intoxication to take the accused before the magistrate when the prisoner was sufficiently sober. If the arresting officer was required at the hearing, he was called. Schoemaker testified that after getting up that morning he called at the jail, about 1:00 o'clock in the afternoon, but plaintiff testified that he did not come until 3:00 o'clock p. m., when he was taken before the magistrate. At that time, plaintiff testified that he asked Schoemaker for food and it was not furnished him. There is no evidence that Schoemaker offered or furnished any food to plaintiff. The evidence is in conflict respecting the offers of the day policeman or marshal to furnish food to plaintiff. The marshal said that he offered to get him food but plaintiff told him he did not wish food. Plaintiff testified that the marshal refused to get him food, and that he never told the marshal not to get him any.

I. Code Section 13488 of the 1939 Code provides:

''When an arrest is made without a warrant, the person arrested shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and the grounds on which the arrest was made shall be stated to the magistrate by affidavit, subscribed and sworn to by the person making the statement, in the same

manner as upon a preliminary information, as nearly as may be.''

Schoemaker testified that he filled out the information or affidavit required by the statute before he went home that morning at the termination of his night's work, but did not sign or swear to it at that time, but put it in his pocket and took it home. The affidavit was not completed until he came up town in the afternoon. The hearing before the magistrate could hardly have proceeded properly without his presence, or at least without the affidavit. There was some delay in finding a magistrate. Under the whole record, we think it was a question for the jury whether there was unnecessary delay in bringing the plaintiff before a magistrate. It is our conclusion that the court properly instructed the jury on this issue.

II. Under 1939 Code section 5772, cities and towns may maintain a jail, which shall be in the keeping of the marshal under such rules as the council shall provide, and the provisions of Code chapter 281 on county jails shall apply, as far as applicable, to such jails and the persons in charge thereof. Section 5501 of said chapter provides that the keeper of each jail shall serve each prisoner three times each day with an ample quantity of wholesome food.

Under the record it appears, without dispute, through the testimony of the mayor, the defendant, Schoemaker, and the marshal or day policeman, that it was the duty of the latter to see that anyone imprisoned in the jail should be provided with the food required by law during the day, that is during the period when the usual three meals are eaten. In this situation, it is our judgment that there was no duty on the defendant, Schoemaker, to see that food was supplied to the plaintiff during the time of his imprisonment. The court was in error in submitting this issue to the jury, and the judgment is reversed as to both defendants.—Reversed.

Chief Justice and all Justices concur.